DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**MARIA GURREONERO** and **JOSE GURREONERO,**
Appellees.

No. 4D22-1378

[August 31, 2022]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE-20-010803.

Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for appellant.

John S. Bernstein of Bernstein|Polsky, P.A., Boca Raton, for appellees.

*ON CONFESSION OF ERROR*

CONNER, J.

Appellant, Universal Property & Casualty Insurance Company ("Universal"), appeals the trial court's order enforcing a judicially revised proposal for settlement ("PFS") between it and Appellees, Maria and Jose Gurreonero ("Insureds"). Insureds concede error. We agree with Universal, and accept Insureds' confession of error, that the trial court erred when it judicially altered Universal's original PFS without Universal's consent, permitted Insureds to accept the judicially altered PFS after the time to accept the original PFS had expired, and then ordered Universal to comply with the judicially altered PFS. *See P & O Ports Fla., Inc. v. Cont'l Stevedoring & Terminals, Inc.,* 904 So. 2d 507, 510 (Fla. 3d DCA 2005) ("[O]nce the trial court concluded that the parties could not change the provisions in the non-compete clause as a condition of the offer, it was error to strike the improper condition and to allow Continental to accept the judicially altered offer. We conclude that Continental was not free to accept the offer as modified by the court and P & O was not legally bound by its offer which had been materially altered by the court. Once the court changed the terms, there was no offer, as P & O clearly did not intend to

make the monetary offer without the elimination of the non-compete provision.") (internal citations omitted). Accordingly, we reverse and remand with instructions directing the trial court to: (1) strike paragraph three of its March 11, 2022 order, altering Universal's original PFS; (2) vacate its May 16, 2022 enforcement order; and (3) conduct further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

GERBER and LEVINE, JJ., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***